HAYES CRARY, SR. v. HOYT W. CIVILS AND WIFE, LULA B. CIVILS.

(Filed 26 February 1964.)

**Betterments § 1—**

> During the term of the lease the lessee may not recover for betterments, notwithstanding his contention that the betterments were placed upon the property in reliance upon the landlord's verbal agreement to include in the lease a provision for renewal for an additional ten-year term.

APPEAL by plaintiff from *Bundy, J.,* October, 1963 Session, CRAVEN Superior Court.

Plaintiff instituted this civil action to recover $35,000.00 actual, and $10,000.00 punitive damages "for betterments and improvements placed upon and added to the property solely because of a verbal contract and agreement . . . which the said Hoyt W. Civils has wrongfully and fraudulently failed to carry out on behalf of himself and his wife."

The plaintiff further alleges an agreement by defendants to lease to the plaintiff a described store building in New Bern for 10 years, beginning September, 1959, at $165.00 monthly rental with an option to renew for another ten years at a rental to be determined by business conditions at the beginning of the renewal period. The defendants executed a written lease for 10 years but the option to renew was inadvertently omitted. The plaintiff has requested the defendants to execute a written agreement for the additional term, but this they refuse to do. The plaintiff has made improvements of the value of $35,000.00 to the leased premises.

The defendants filed a demurrer upon the ground the complaint fails to state a cause of action. From the judgment sustaining the demurrer, the plaintiff appealed.

*Charles L. Abernethy, Jr., for plaintiff appellant.*
*Ward and Tucker for defendant appellees.*

PER CURIAM. The plaintiff is in possession under a lease which does not expire for more than five years. He is using the fixtures and improvements for his own benefit. He fails to allege either that the improvements were necessary or that the defendants authorized them or agreed to pay for their installation. Whether his additions to the building are such business fixtures as will permit him to remove them when his lease expires, does not appear. If the defendants are in anywise liable, which is not conceded, the extent of the liability cannot be determined until the time the plaintiff surrenders the leased premises.

The complaint fails to state a cause of action. The demurrer was properly sustained.

Affirmed.